**Leonard CELA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4350.

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

Namir M. Daman, Daman & Daman, Oak Park, MI, for Petitioner.

Donald Keener, Greg D. Mack, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BATCHELDER and GIBBONS, Circuit Judges; and STAFFORD, District Judge.*

## ORDER

Leonard Cela petitions for judicial review of an order by the Board of Immigration Appeals (BIA) which dismissed his appeal of an immigration judge's (IJ) determination that he was subject to removal despite his applications for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Cela is a native and citizen of Kosovo, in the former Republic of Yugoslavia, who entered the United States without authorization in 1999. The Immigration and Naturalization Service (INS) initiated removal proceedings against Cela alleging that he had entered this country illegally. Cela conceded removability and applied for asylum, the withholding of removal, and relief under the Convention Against Torture.

After a hearing, the IJ denied all of Cela's applications on April 12, 2001. The BIA adopted the IJ's credibility findings and dismissed Cela's administrative appeal on November 5, 2002.

Cela filed a timely petition for judicial review on November 5, 2002. On appeal, Cela argues that the BIA's streamlined procedure in reviewing the IJ's decision violated his due process rights and that his credible testimony established past persecution allowing the grant of asylum on humanitarian considerations.

The resolution of an asylum request involves a two-part inquiry. *Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). Cela must show not only that he is a refugee, but also that his application merits a favorable exercise of administrative discretion. *See id.* The IJ did not reach the discretionary step here, as Cela did not meet his burden of showing that he is a refugee. A "refugee" is defined as an alien who is unable or unwilling to return to his home country "because of persecu-

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

tion or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *accord INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001).

An asylum application is also treated as an application for the withholding of removal. *Mikhailevitch,* 146 F.3d at 391. However, the burden of proving eligibility for asylum is less than the burden of proving entitlement to withholding. *Id.* Thus, the failure to show that Cela is eligible for asylum will also show that he is not entitled to the withholding of removal. *See id.*

Cela's challenge to the BIA's streamlined procedure on due process grounds is without merit. Cela's very argument was rejected by this court in *Denko v. INS,* 351 F.3d 717 (6th Cir.2003). In *Denko,* the court found that the summary affirmance rule which renders the IJ's decision the final agency order did not violate an individual's due process rights. *Id.* at 727–32. As this court has specifically rejected the constitutional arguments presented by Cela, there are no grounds to review the BIA's decision on this issue.

Further, the record does not compel the rejection of the IJ's finding that Cela does not have a well-founded fear of future persecution. The State Department's country reports show that Cela has no reasonable basis to fear his return to the former Yugoslavia. The IJ did not find that Cela was entitled to a presumption of future persecution. However, the evidence also supports the IJ's decision that Kosovo had experienced significant political improvements since Cela's departure and that the

INS had satisfied its burden of proof in rebutting the presumption of future persecution. *See Mitev v. INS,* 67 F.3d 1325, 1332 (7th Cir.1995). In reaching his decision, the IJ noted that Cela was able to obtain his diploma from the University of Pristina, a school in Kosovo, that is attended primarily by Albanians. The fact that the University was operating was indicative of the reasonableness for Cela, an ethnic Albanian, to return to Kosovo. Cela's testimony does not compel reversal of the IJ's decision because Cela offered no reasonable basis to reject the State Department's country reports. Therefore, the IJ's conclusion that Cela lacked a reasonable fear of persecution about the new government in Kosovo was not manifestly contrary to the law.

Cela's reliance on *Perkovic v. INS,* 33 F.3d 615 (6th Cir.1994), is without merit. Cela claims that the IJ erred in failing to shift the burden of proof to the INS because he had established past persecution. The IJ concluded that although Cela was entitled to a presumption of future persecution, the INS had sufficiently rebutted the presumption. Thus, *Perkovic* does not compel reversal of the BIA's decision.

The IJ also found that Cela's evidence did not establish eligibility for protection under the Convention Against Torture because Cela had not established that he was more likely than not to suffer torture at the hands of the government or with the government's acquiescence.

To establish a prima facie case for protection under the Convention Against Torture, Cela had to show the IJ that it was more likely than not that he would be tortured if he was removed. *See* 8 C.F.R. § 208.16(c)(2); *Ali v. Reno,* 237 F.3d 591, 596–97 (6th Cir.2001). In order to assess the risk of torture, the IJ had to consider "the possibility of future torture, including any evidence of past torture inflicted upon the applicant and evidence that the appli-

cant is not likely to be tortured in another area of the country of removal." *Ali*, 237 F.3d at 596–97. The IJ concluded that Cela did not meet his burden to show that it was more likely than not that he would be tortured if he returned to Kosovo. Cela did not establish that he was tortured in the past when he lived in the former Yugoslavia. To the contrary, the IJ concluded that Cela had never been detained, interrogated, or beaten. The State Department's country reports also indicate that it would be reasonable for Cela to return. Thus, the evidence and information showing that Cela can return without being harassed or harmed likewise contradict Cela's claim that he is likely to be tortured if he is removed to Kosovo. *See* 8 C.F.R. § 208.16(c)(3)(ii). The IJ did not err in denying Cela's torture claim.

Accordingly, Cela's petition for judicial review of the BIA's decision is denied.